By the Court :
In bills of review, the practice of this court has been to examine the whole case, and decide as if the matter was open before them in the same situation as it was when the decree was pronounced. When the facts proved and ^principles decided are not inserted in the decree, a bill of review, for error in law, would be useless if this course was not pursued. It is attended with some inconveniences, but greater mischief would probably result were we to decline reviewing any decree where, from the nature of the case, a brief general decree would, on its face, be free from, error. In the case now before us, however, we may bo satisfied that the decree of dismissal is unsupported by any possible deduction from the facts in proof. The complainants would be without remedy if we were confined to the examination of the decree alone. Whether it be erroneous or not must depend upon facts on which it was predicated. As they are not recited, we can only find them by an examination of the proofs.
This mode of proceeding has not heretofore been controverted. The general adoption and acquiescence in the practice, both by the bar and the court, evinces a general sentiment as to its correctness and utility.
The difference between our practice in drawing up and entering decrees and the practice in England and New York sufficiently accounts for the departure, amongst us, from what is elsewhere an established rule of proceeding. On this point the demurrer must be overruled. It must also be overruled generally. But, as the cause may again come before us, we do not express the grounds upon which we go on the second point.
The court pronounced a decree reversing the original decree of dismissal, and made an order that the bill of review be retained as a supplemental bill, and stand for plea or answer, and that the cause be proceeded in as upon original and supplemental bills.f

HoTE by the Editor. — The same principle contained in this case is found in vii. 184, part 1; xv. 313; xvi. 145. The English and American practice is, that in the former the decree contains a statement of the facts upon which it is based, in the latter it usually does not, but the bill, answer, other pleadings, and decree are made part of the record, and in both countries the record must show the error complained of; and in Ohio, when the facts are found in a decree, they will not be reviewed, and the English practice will he adhered io, xv. 313; xvi. 412. Eor Ohio decisions touching reviews generally, see the *357 Above cases, and vii. 125, part 2; viii. 377; xii. 351; xiv. 122; xvii. 27; xviii. 146. For Ohio statutes now in force touching bills of review, see Swan’s >Stat. 714, 717; xlvi. 90.